# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Perla Arias,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>American Family Mutual Insurance Company,<br><br>　　　　　Defendant. | Case No.: 2:13-1178-JAD-CWH<br><br>**Order Granting Plaintiff's Motion to Remand [Doc. 8]** |

　　　　On May 20, 2013, Plaintiff Perla Arias sued Defendant American Family Mutual Insurance Company in Nevada State Court.  Doc. 1 at 6-11.  Arias claims that on December 11, 2011, through no fault of her own, she sustained personal injuries in an automobile accident, for which her insurer, American, was obligated to compensate her.  *Id.* at 8.  However, after Arias' counsel made a policy-limits demand on American, which was refused.  *Id.*

　　　　Arias sued American for breach of contract (Count 1), bad faith (Count 2), and unfair claims practices (Count 3).  *Id.* at 8-11.  Arias does not allege specific damages amounts in any of her three counts; however, in her prayer for relief, she requests, *inter alia*, compensatory damages for denied policy benefits; consequential damages in excess of $10,000; and punitive damages in excess of $10,000.  *Id.* at 11.

　　　　On July 3, 2013, American removed this case to federal court under 28 U.S.C. § 1441(b).  Doc. 1, p. 1.  American contends that removal was proper based on diversity of citizenship, because the parties were from different states and the amount in controversy

1  exceeded $75,000. *Id.* at 2.  American contends that while the policy limitations provided
2  Arias a maximum of $50,000 in recovery, she alleges punitive damages in Count 2 of her
3  Complaint, which raises Arias' theoretical amount of recovery above the $75,000 threshold.
4  *Id.* at 2-3.  Arias subsequently filed the instant motion to remand to Nevada state court, Doc.
5  8, to which American has filed a response.  Doc. 9.[1]  For the foregoing reasons, Arias'
6  motion to remand is granted.

## Discussion

8  28 U.S.C. § 1441(b) provides for removal to federal court based on diversity of
9  citizenship.  Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original
10 jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of
11 $75,000, exclusive of interest and costs, and is between citizens of different states."  Where a
12 state court plaintiff does not originally specify a particular amount of damages, the removing
13 Defendant has the burden to prove, by a preponderance of the evidence, that the amount in
14 controversy exceeds the federal jurisdictional amount.  *Sanchez v. Monumental Life*
15 *Insurance Co.*, 102 F.3d 398, 403 9th Cir. 1996).  If the Court finds that the amount-in-
16 controversy requirement is not met, it should remand the case to state court pursuant to 28
17 U.S.C. § 1447(c).

18 The parties agree that Arias' insurance policy carries a $50,000 limit, and that Arias'
19 potential damages do not meet the jurisdictional threshold unless punitive damages are
20 included.  Arias contends that American cannot reasonably believe that the amount in
21 controversy exceeds $75,000, when it previously made Arias a settlement offer of $4,500 on
22 her entire claim.  Doc. 8 at 5.  American counters that not only is Arias' claimed recovery
23 near the $50,000 policy maximum, but the potential for an award of punitive damages in this
24 case, which could be up to $300,000, satisfies the jurisdictional threshold.  Doc. 9 at 3-4
25 (citing NEV. REV. STAT. ANN. § 42.005(1)(b)).

---

28 [1]The parties subsequently filed a Joint Status Report Regarding Removal into Court, which indicates that the Motion for Remand is still pending.  *See* Doc. 10.

As a general matter, "punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Thus, a district court may consider punitive damages in determining the amount in controversy when such damages are available as a matter of state law. *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). In Nevada, "[a] plaintiff may recover punitive damages when evidence demonstrates that the defendant has acted with 'malice, express or implied.'" *Wyeth v. Rowatt*, 244 F.3d 765, 783 (Nev. 2010) (quoting NEV. REV. STAT. § 42.005(1)). In support of Arias' bad faith allegations in Count 2, she contends that American's conduct was "willful, wanton, malicious, reckless, oppressive, and/or fraudulent." Doc. 1 at 9. Thus, her request for punitive damages is properly considered in calculating whether this case satisfies the jurisdictional threshold.

NEV. REV. STAT. ANN. § 42.005(b) provides that the court may award punitive damages not to exceed "[t]hree hundred thousand dollars if the amount of compensatory damages awarded to the plaintiff is less than $100,000." *Id.* In establishing the likelihood of the amount of a punitive damages recovery sufficient to defeat a motion to remand, the defendant may introduce evidence of jury verdicts in analogous cases. *See McCaa v. Massachusetts Mutual Life Insurance Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004). The removing defendant "must do more than merely point to Plaintiff's requests for damages . . . upon removal it must . . . provide evidence that would permit a reasoned calculation of damages." *Warkmeister v. Time Warner Inc.*, 2007 WL 201158, at *2 (D. Nev. Jan. 23, 2007); *see also Surber v. Reliance National Indemnity Co.*, 110 F. Supp. 2d 1227 (N.D. Cal. 2000) ("In the absence of any evidence regarding punitive damages, the Court concludes that defendant has failed to meet its burden.").

Arias contends that American's amount-in-controversy argument is not only an "illogical assumption" given the paucity of its prior settlement offer; further, American has failed to support its argument with any actual evidence. Doc. 8 at 5. While American does reference Arias' contention that she has incurred "past medical specials of $18,256.68, and future medical specials in an amount of [$]40,315.00," *see* Doc. 9 at 3 n.3 (citing Doc. 8 at

14-17), these totals do not independently reach the jurisdictional threshold. As "evidence" that any punitive damages amount could help exceed this threshold, American's response does nothing more than point to Arias' damage requests, the Nevada statutes providing for punitive damage relief, and case law for the general propositions that they carry the burden of proving that removal was proper. *See* Doc. 9 at 2-4. American's petition for remand is similarly devoid of any reference to evidence, such as jury verdicts in analogous cases, which might support a finding that Arias' claimed damage amounts could reasonably exceed $75,000.

Having failed to provide any evidence beyond these bare legal conclusions, American has not met its burden to show by a preponderance of the evidence that federal jurisdiction is appropriately exercised in this case.

## Conclusion

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is **HEREBY ORDERED** that Arias' Motion to Remand [Doc. 8] is **GRANTED**.

DATED: November 27, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE